**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **WILLIE KEVIN WILLIAMS,** | * | |
| **(AIS #: #173816)** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIV ACTION NO.13-00036-WS-B** |
| | * | |
| | * | |
| **DEBORAH DENISE TILLMAN, *et al.*,** | * | |
| | * | |
| **Defendants.** | * | |

**REPORT AND RECOMMENDATION**

This action is before the Court on Plaintiff Willie Kevin Williams' Motion for Leave to Proceed in forma pauperis (Doc. 4). Plaintiff's Motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). For the reasons set forth below, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Plaintiff, an Alabama inmate who is preceding pro se, commenced this action on January 24, 2013 by filing a complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Because the complaint was not accompanied by the statutory filing fee or a motion to proceed without prepayment of fees, the Court, in an Order dated January 29, 2013 (Doc. 2), directed Plaintiff to either submit

the required filing fee or file a motion to proceed without prepayment of fees. On February 8, 2013, Plaintiff submitted a motion to proceed without prepayment of fees. (Doc. 4).

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding in forma pauperis in civil actions under certain circumstances. It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Eleventh Circuit Court of Appeals has interpreted this statute to mean that a prisoner who has had three or more cases dismissed as meritless must pay the full filing fee at the time he initiates the lawsuit. Dupree v. Palmer, 284 F. 3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F. 3d 1321, 1324, (11th Cir. 2001). The only exception to this rule is for a prisoner who is under imminent danger of serious physical injury. See Brown v. Johnson, 387 F. 3d 1344, 1349 (11th Cir. 2004) (the "Eleventh Circuit[] [has] determined that a prisoner must allege

a present imminent danger, . . .under section 1915(g). . . ."); Medberry v. Butler, 185 F. 3d 1189, 1193 (11th Cir. 1999) (Plaintiff could not proceed under § 1915(g) because he failed to allege "that he was in imminent danger of serious physical injury at the time he filed his Complaint or that he was in jeopardy of any ongoing danger.").

A review of court records reveals that Plaintiff has filed at least three cases that have been dismissed as frivolous or for failure to state a claim upon which relief could be granted: Williams v. Baldwin County Correctional Center, Case No. 1:08-cv-00038-WS-C (Southern District of Alabama); Williams v. Alabama Department of Corrections, 2012 U.S. Dist. LEXIS 73586 (M.D. Ala. May. 29, 2012); and Williams v. Division of Risk Management, Case No. 2:12-cv-00335-TMH-WC (Middle District of Alabama) (see Doc. 13). Thus, Plaintiff's current filing comes squarely within the provision of 28 U.S.C. § 1915(g), which precludes him from filing the instant action in forma pauperis unless he is "under imminent danger of serious physical injury." A searching review of Plaintiff's instant Complaint fails to reveal any facts that suggest that he was "under imminent danger of serious physical injury" at the time he filed this action. In his Complaint, Plaintiff avers that Defendants tampered with

evidence, and presented altered evidence to the jury thereby resulting in his wrongful conviction.

As noted above, "[i]n this Circuit, a prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice." Doss v. Henry, 2008 U.S. Dist. LEXIS 109706 (N.D. Fla. Dec. 12, 2008); Dupree, 284 F. 3d at 1236 ("The prisoner cannot simply pay the filing fee after being denied in forma pauperis status [pursuant to the three strikes provision of § 1915(g)]. He must pay the filing fee at the time he initiates the suit.").

Because Plaintiff did not pay the $350.00 filing fee at the time that he filed the instant action and because he has failed to meet the "under imminent danger of serious physical injury" exception provided in § 1915(g), this action is due to be dismissed without prejudice. Accordingly, it is recommended that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 4) be **DENIED**, and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this **15th** day of **February, 2013.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F. 2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The

[1] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2).

> objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded).** Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination

that transcription is necessary is required before the United States will pay the cost of the transcript.