IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIE KEVIN WILLIAMS,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**DEBORAH DENISE TILLMAN, et al.,** )<br>)<br>Defendants. ) | CIVIL ACTION 13-0036-WS-B |

**ORDER**

In February 2013, the plaintiff mailed a timely objection to the Magistrate Judge's report and recommendation ("R&R"). (Doc. 9). For reasons that remain unclear, this mailing was not received by the Court until June 18, long after the Court entered an order adopting the R&R and dismissing the plaintiff's action without prejudice. (Docs. 7, 8).

For the reasons set forth above, and pursuant to Rule 60(b)(1), the judgment, and the Court's order adopting the R&R, are **vacated**. The Court proceeds to evaluate the R&R in light of the plaintiff's objection thereto.

The R&R correctly points out that a prisoner who has had three or more prior civil actions, brought while incarcerated or detained, dismissed as frivolous, malicious, or for failure to state a claim, cannot be permitted to bring an action in forma pauperis ("IFP"). 28 U.S.C. § 1915(g). Such a litigant must pay the full $350 filing fee up front. The R&R demonstrates, and the plaintiff does not deny, that he has three such prior lawsuits.

The only exception to this "three strikes rule" applies when the plaintiff "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In his objection, the plaintiff states that his complaint challenges the defendants' role in his wrongful conviction of rape and kidnapping. Because of his conviction of these crimes, he says, he was placed in danger by fellow inmates and/or others who labeled him a rapist and kidnapper. While he was housed at Easterling Correctional Facility ("Easterling"), he

says, his "life was in danger" and "was in fact placed in imminent danger." (Doc. 9 at 1-2).

The plaintiff was confined at Easterling when he filed suit in January 2013. (Doc. 1 at 1). But within two weeks thereafter, the plaintiff was transferred to Elmore Correctional Facility ("Elmore"). (Doc. 2). The plaintiff does not allege that he is in imminent danger of serious physical injury at Elmore. On the contrary, he alleges that he was "in imminent danger at the prison in which he *was* residing." (Doc. 9 at 1 (emphasis added)). He continues that "his life *was* in danger at Easterling Correctional Facility, but the plaintiff was Transferred to another facility in which he resides at this time." (*Id*. at 2 (emphasis added)). The plaintiff thus negates the exception to Section 1915(g).

"[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). A prisoner who was in imminent danger of serious physical injury when he filed suit, but who is transferred to another facility without such danger before he moves for leave to proceed IFP, does not satisfy the "three strikes" exception. *Owens v. Schwartz*, ___ Fed. Appx. ___, 2013 WL 2319423 at *2 (11th Cir. 2013). The plaintiff was transferred to Elmore before he sought leave to proceed IFP. (Doc. 4). Therefore, he cannot satisfy the exception.

For the reasons set forth above, and after due and proper consideration of all portions of the file deemed relevant to the issue raised and of the plaintiff's objection, the R&R is **adopted** as the opinion of the Court. This action is **dismissed without prejudice** pursuant to 28 U.S.C.§ 1915(g). Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 25th day of June, 2013.

s/WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE